UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE TOWER GROUP INTERNATIONAL,
LTD. SECURITIES LITIGATION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/23/2015

13 Civ. 5852 (AT)

# JUDGMENT APPROVING
## CLASS ACTION SETTLEMENT WITH TOWER DEFENDANTS

WHEREAS, a securities class action is pending in this Court entitled *In re Tower Group International, Ltd. Securities Litigation,* Master File No. 1:13-cv-5852-AT (the "Action");

WHEREAS, following full briefing on the motion to dismiss filed by the Tower Defendants (defined below) and mediation before an experienced and nationally-recognized mediator (a) Lead Plaintiffs the Kansas City, Missouri Employees' Retirement System, Jacksonville Police and Fire Pension Fund, the Oklahoma Firefighters Pension & Retirement System, ADAR Enhanced Investment Fund, Ltd. and ADAR Investment Fund, Ltd. (collectively, "Lead Plaintiffs"), on behalf of themselves and the Settlement Classes (defined below); and (b) defendants Tower Group, Inc. and Tower Group International, Ltd. (collectively, "Tower"), ACP Re, Ltd. ("ACP"), and Michael H. Lee, and William E. Hitselberger (the "Officer Defendants" and, together with Tower and ACP, the "Settling Defendants" or "Tower Defendants"), have entered into a Stipulation And Agreement Of Settlement With Tower Defendants (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against the Tower Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated August 13, 2015 (the "Preliminary Approval Order"), this Court (a) preliminarily approved the Settlement; (b) certified the Settlement Classes solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential members of the Settlement Classes; (d) provided members of the Settlement Classes with the opportunity either to exclude themselves from the Settlement Classes or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement (which hearing was subsequently rescheduled to November 23, 2015);

WHEREAS, due and adequate notice has been given to the Settlement Classes;

WHEREAS, the Court conducted a hearing on November 23, 2015 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Classes, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Tower Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the members of the Settlement Classes.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation; and (b) the Notice and the Summary Notice that were disseminated and published, copies of which were filed with the Court in advance of the Settlement Hearing.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Classes consisting of:

(a) A settlement class ("Settlement Class") consisting of all persons and entities who or which purchased or otherwise acquired the common stock of Tower during the Settlement Class Period and were damaged thereby. Excluded from the Settlement Class are Settling Defendants; present or former Officers of Tower; members of the Immediate Family of each of the Officer Defendants or present or formers Officers of Tower; PwC; the Officers and/or directors of Tower or PwC; any person, firm, trust, corporation, Officer, director or other individual or entity in which any Settling Defendant or PwC has a controlling interest or which is related to or affiliated with any of the Settling Defendants or PwC; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who are excluded pursuant to request.

(b) A settlement class ("Settlement PPC" or "Private Placement Class") consisting of all persons and entities who or which acquired Canopius Holdings Bermuda Limited ("Canopius") stock in the March 7, 2013 private placement, and were damaged thereby. Excluded from the Settlement PPC are Settling Defendants; present or former

Officers of Tower; members of the Immediate Family of each of the Officer Defendants or present or former Officers of Tower; PwC; the Officers and/or directors of Tower or PwC; any person, firm, trust, corporation, Officer, director or other individual or entity in which any Settling Defendant or PwC has a controlling interest or which is related to or affiliated with any of the Settling Defendants or PwC; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Settlement PPC are the persons and entities listed on Exhibit 1 hereto who are excluded pursuant to request.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order appointing Lead Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class, and appointing the ADAR Funds as Class Representative for the Settlement PPC and appointing Bernstein Liebhard LLP as Class Counsel for the Settlement PPC. Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively, and the ADAR Funds and Bernstein Liebhard LLP have fairly and adequately represented the Settlement PPC both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order;

(b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Classes of: (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Classes; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq.*, as amended, and all other applicable law and rules.

6. **Final Settlement Approval and Dismissal of Claims Against Tower Defendants** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein, including the release of the Released Plaintiffs' Claims as against the Defendants' Releasees; and the dismissal with prejudice of the claims asserted against the Tower Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Classes. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims asserted against the Tower Defendants in the Action by Lead Plaintiffs and the other members of the Settlement Classes are hereby dismissed

5

with prejudice as against the Tower Defendants. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on the Tower Defendants, Lead Plaintiffs and all other members of the Settlement Classes (regardless of whether or not any individual member of the Settlement Classes submits a Proof of Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors, and assigns, in their respective capacities as such. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Classes pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

9. **Releases** – The Releases set forth in the Stipulation are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other members of the Settlement Classes (whether or not such person submits a Claim Form), on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (including, without limitation, any Unknown Claims) against the Settling Defendants and the other Defendants' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the

Defendants' Releasees. This Release shall not apply to the Excluded Claims, and shall not apply to the persons and entities listed on Exhibit 1 hereto.

(b) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Settling Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (including, without limitation, any Unknown Claims) against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to the persons and entities listed on Exhibit 1 hereto.

10. Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **Bar Order** – Upon the Effective Date, any and all claims for contribution or indemnity, however denominated, based upon, arising out of, or relating to the Released Plaintiffs' Claims (a) by any person or entity against any of the Settling Defendants or (b) by any of the Settling Defendants against any other person or entity, other than a person or entity whose liability has been extinguished by the Settlement, are permanently barred, extinguished, and discharged to the fullest extent permitted by law (the "Bar Order").

12. **Judgment Reduction** – Any final verdict or judgment that may be obtained by or on behalf of the Settlement Classes or a member of the Settlement Classes against any person or

entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Settling Defendants for common damages; or (b) the amount paid by or on behalf of Settling Defendants to the Settlement Classes or the member of the Settlement Classes for common damages.

13. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14. **No Admissions** – Neither this Judgment, the Stipulation (whether or not the Settlement is consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted, including as to class certification, or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

      (b)    shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

      (c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement, and that nothing herein shall limit the materials or evidence that may be offered or referred to by Defendants' Releasees in disputes, actions, or proceedings arising between Defendants' Releasees.

15.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or reimbursement of Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the

9

Class Distribution Order; (f) the members of the Settlement Classes for all matters relating to the Action; and (g) all further matters in connection with the claims against the remaining defendant.

16. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way disturb or affect any of the terms of this Judgment, or affect or delay the finality of this Judgment, and shall not affect or delay the Effective Date of the Settlement.

17. **Modification of the Stipulation and Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and the Tower Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of members of the Settlement Classes in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and the Tower Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, (a) this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and shall not prejudice the rights of Lead Plaintiffs, other members of the Settlement Classes, and the Tower Defendants; (b) the Parties shall revert to their respective positions in the Action on June 19, 2015; and (c) the balance of the Settlement Fund shall be refunded as provided in further detail in the Stipulation.

\\

\\

\\

19. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action with respect to the Settling Parties. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED.

Dated: November 23, 2015
      New York, New York

_____
ANALISA TORRES
United States District Judge

## **Exhibit 1**

1. Empyrean Capital Fund, LP

   Empyrean Capital Overseas Master Fund, Ltd.

   Empyrean Capital Partners, LP

2. Amanda Cannon

3. Chad Holbrook